IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GRACE TUCK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:04-CV-1720-N |
| | § | |
| METHANEX MANAGMENT, INC. | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Before the Court is Defendant Methanex Managment, Inc.'s ("Methanex") Motion for Summary Judgment, filed on October 19, 2005. Because Plaintiff Grace Tuck failed to provide probative evidence that Methanex's proffered reason for dismissing her was pretextual, the Court grants the motion as to Tuck's claim that Methanex retaliated against her both for filing a worker's compensation claim and for asking about her entitlement to overtime under the Fair Labor Standards Act. Because there remains a fact question whether Tuck was an exempt employee, the Court denies the motion as to Tuck's claim for overtime compensation.

**I. FACTUAL BACKGROUND**

Methanex provides management services for affiliated companies that market methanol. Tuck worked for Methanex primarily as a financial accountant from June 20, 1994 until June 10, 2004. In this position, Tuck was responsible for the consolidation and reporting of financial results, price results, and sales. Tuck also analyzed sales information

and logistics costs. Tuck contends that she did not exercise discretion or judgment regarding what information to gather, what results to report, or what to do with generated reports. She also alleges that either Accounting Manager Tangela Blain or Methanex's corporate office dictated all reporting requirements and formats.

For a brief interlude, from January 1, 2003 until March 31, 2003, Tuck trained as a logistics specialist. In this position, Tuck alleges that her responsibilities included reporting logistics costs and working on the logistics budget. Besides these responsibilities, Tuck contends that she also worked on securing freight rates with transportation companies, gathering information for the logistics of rail fleet utilization, and other miscellaneous special projects. After working as a logistics specialist, Tuck returned to work as a financial accountant with the same duties as before.

In November 2003, Tuck submitted a workers' compensation claim, which was approved on April 28, 2004. On March 8, 2004 between submission and approval of the claim, Blain placed Tuck on a 60 day performance improvement plan. The plan called for biweekly follow-up meetings. On May 10, Methanex extended the plan for an additional thirty days. Three days later, on May 13, Tuck asked whether she was eligible for overtime.

Tuck claims that the biweekly meetings occurred only on March 26, April 8, April 22, and May 10. On June 4, 2004, Tuck contends that Blain asked her to consider resigning. Blain allegedly said that Tuck was "not a good fit for the job" and not who Blain wanted in that position. Tuck alleges she was fired on Thursday, June 10, 2004. When she asked why, Blain allegedly responded with "you know why."

Tuck filed suit to recover unpaid overtime compensation, lost wages and benefits, and other damages. Methanex moved for summary judgment arguing that it discharged Tuck for poor performance and that Tuck was ineligible for overtime as a matter of law.

## II. TUCK HAS NOT RAISED A FACT ISSUE ON PRETEXT

Tuck alleges that she was terminated because she asked whether a provision of the Fair Labor Standards Act ("FLSA") entitled her to overtime pay. The FLSA provides in relevant part that it is unlawful "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act . . . ." 29 U.S.C. § 215(a)(3). Methanex has moved for summary judgment on this claim.

Federal Rule 56(c) states that the party moving for summary judgment has the burden of showing that there is no genuine issue of fact and that it is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Harbor Ins. Co. v. Trammel Crow Co.*, 854 F.2d 94, 98 (5th Cir. 1988), cert. den. 489 U.S. 1054. In the summary judgment context the Court is to accept the nonmovant's evidence and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. In deciding a motion for summary judgment, the Court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Retaliation claims under the FLSA are subject to the *McDonnell Douglas* analytical framework. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000). Under this analysis, Tuck must first prove her prima facie case that the employer acted with discriminatory intent. *Reeves*, 530 U.S. at 142. Methanex can rebut this presumption by producing legitimate nondiscriminatory reasons for its actions. Once Methanex does this, the presumption drops out of the case, and the only remaining question is whether the employer intentionally discriminated against the plaintiff. *Id.* at 142-43.

The Fifth Circuit has held that the Supreme Court's decision in *Desert Palace* altered the final step of the *McDonnell Douglas* test. *See Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004) (citing *Desert Palace, Inc. v. Costa*, 123 S. Ct. 2148, 2151 (2003)). In order to survive summary judgment under the modified *McDonnell Douglas* test, at the final step, Tuck must offer sufficient evidence to create a genuine issue of fact that either: (1) Methanex's reason is not true, but is instead a pretext for discrimination or (2) Methanex's reason, though true, is only one of the reasons for its conduct and that another "motivating factor" is the plaintiff's protected characteristic. *Id. See also Machinchick v. PB Power, Inc.*, 398 F.3d 345, 352 (5th Cir. 2005).

Here, Tuck failed to argue that discrimination was a motivating factor. The Court need not engage in the "mixed-motive" analysis explained in *Rachid* as Plaintiff does not rely on that theory. *See Richardson*, 2005 U.S. App. LEXIS 28982, at *9-10; *see also Pool v. US Investigation Servs.*, 3:04-CV-2332-M, 2005 U.S. Dist. LEXIS 31928, at *5 n.1 (N.D. Tex.

Dec. 6, 2005) (Lynn, J.); *Walker v. Norris Cylinder Co.*, 3:03-CV-1009-D, 2005 U.S. Dist. LEXIS 20465, at *11 n.5 (N.D. Tex. Sept. 9, 2005) (Fitzwater, J.). Accordingly, assuming Tuck has proven her prima facie case, to survive summary judgment Tuck must present evidence showing that Methanex's proffered explanations were a mere pretext for discrimination and not worthy of credence.

Tuck's claim fails on summary judgment as she did not provide evidence showing that Methanex's proffered explanation was mere pretext. Methanex has proffered an explanation that the dismissal was not discriminatory, namely that Methanex dismissed Tuck due to unsatisfactory performance. To defeat summary judgment, Tuck must produce probative evidence that the proffered reason was a pretext for discrimination. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000).

Tuck argues that four facts show Methanex's reason was pretextual. First, Tuck argues that extending the performance plan shows its performance explanation was pretextual. But the fact that Methanex provided Tuck an additional thirty days to improve her performance and avoid being fired does not conflict with Methanex's position that it terminated Tuck for poor performance. The extension thus does not raise a fact issue on pretext.

Tuck next contends that both Blain's alleged suggestion on June 4, 2004 that Tuck resign and Blain's alleged statement on June 10, 2004 that Tuck knew the reason that Methanex fired her, shows Methanex dismissed her not because of performance issues, but rather to retaliate for making the overtime inquiry. In order to raise a fact issue on pretext,

Tuck must offer evidence tending to show that Methanex's proffered reason for terminating Tuck – poor performance – was false. In order to determine whether either of these statements is sufficient to raise a fact issue on pretext, the Court must consider whether the statement tends to show that Methanex did not terminate Tuck for poor performance. The Court will consider each statement in turn.

Blain's statement that Tuck should consider resigning and that she did not fit in appears to be a humane attempt to let Tuck resign voluntarily, rather than have a termination for poor performance to explain to future employers. Tuck argues that it raises a fact issue because Blain did not tell Tuck that she was about to be terminated for poor performance. That argument proves too much, however. By that logic, if Blain wished Tuck a "good morning," that would raise a fact issue on pretext because she didn't say "good morning, and you are about to be terminated for poor performance." The summary judgment standard does not permit Tuck to turn a statement consistent with a proffered reason for termination into a fact issue on pretext. The same is true for Blain's "you know why" statement. That statement is perfectly consistent with Methanex's position that Tuck was terminated for poor performance, and that Tuck must know that was the reason given that her ninety day performance improvement period had that very day expired. The fact that Blain did not explicitly say "your performance is bad" at every opportunity does not constitute the affirmative summary judgment proof that Tuck must offer at the pretext stage that Methanex in fact thought her performance was good.

Tuck also argues that Methanex's failure to hold the biweekly meetings spelled out in the performance plan during the thirty day extension raises a fact issue of pretext.[1] This argument requires the Court first to infer that Methanex was not serious about the performance improvement plan because it omitted some of the review meetings, and then to infer that Tuck's job performance was adequate because Methanex did not take the performance improvement plan seriously, and then finally infer that Methanex's stated reason for termination was a pretext. This constitutes impermissible piling of inference upon inference. *See Chevalier v. Animal Rehab Ctr., Inc.*, 839 F. Supp. 1224, 1230 (N.D. Tex. 1993) ("Vital facts may not be proved, however, by unreasonable inferences or by piling inference upon inference.") (citing *Schlumberger Well Surveying Corp. v. Nortex Oil & Gas Corp.*, 435 S.W.2d 854, 858 (Tex. 1969)); *see also Brown v. Caterpillar, Inc.*, 54 Fed. Appx. 794 (5th Cir. 2002).[2]

Finally, Tuck argues that the temporal proximity of her termination to her inquiry about overtime shows pretext. The Fifth Circuit has held that temporal proximity may sometimes support finding the causation required for a prima facie case. *Swanson v. Gen. Serv. Admin.*, 110 F.3d 1180, 1188 (5th Cir. 1997). The Fifth Circuit has also rejected mere temporal proximity as raising a fact issue on pretext. *Armstrong v. City of Dallas*, 997 F.2d

---

[1] Methanex held the biweekly meetings during the original performance plan and did not miss them until the final thirty-day extension.

[2] It is worth noting that under Tuck's theory an employer would be better off immediately terminating a difficult employee rather than try to improve him or her, less the employer's hesitation be used against it.

62, 67 (5th Cir. 1993). As none of Tuck's previous arguments create a pretext, the theory of temporal proximity stands alone, and alone it does not here create a pretext. Accordingly, none of Tuck's four theories raises a fact issue on whether Methanex's neutral explanation for Tuck's termination was pretextual. Methanex is thus entitled to summary judgment on Tuck's claim for retaliation under the FLSA.

The same analysis applies to Tuck's claim that she was terminated in retaliation for filing a worker's compensation claim. "A person may not discharge or in any other manner discriminate against an employee because the employee has: (1) filed a workers' compensation claim in good faith . . . ." TEX. LAB. CODE ANN. § 451.001(Vernon 1996). Assuming that Tuck had established a prima facie case of retaliation, an employer may rebut the alleged discrimination by showing a legitimate reason behind the discharge. *Johnson v. Alcatel Network Systems, Inc.*, 963 F. Supp. 599, 603 (N.D. Tex. 1996). As discussed above, Methanex established a legitimate, nondiscriminatory reason for Tuck's discharge on the basis of dissatisfaction with her work performance. The burden then shifts to Tuck to raise a fact issue on pretext. Just as with her FLSA claim, Tuck fails to show a fact issue on pretext.[3] Tuck has not met her burden of providing direct or circumstantial evidence that establishes Methanex's reason for discharge was pretextual, and Methanex is likewise entitled to summary judgment on Tuck's worker's compensation retaliation claim.

---

[3] Tuck's subjective belief that she was discharged in retaliation for filing a worker's compensation claim cannot, by itself, controvert Methanex's neutral explanation for Tuck's discharge. *Texas Division-Tranter v. Carrozza*, 876 S.W.2d 312, 314 (Tex. 1994) (per curiam).

ORDER – PAGE 8

### III. TUCK HAS ALLEGED SUFFICIENT FACTS TO SURVIVE A MOTION FOR SUMMARY JUDGMENT ON HER CLAIM THAT HER POSITION WAS NOT EXEMPT FROM FLSA OVERTIME REQUIREMENTS

Tuck also seeks unpaid overtime compensation and Methanex has moved for summary judgment on this claim as well. The FLSA requires employers to pay overtime compensation to certain employees who work more than forty hours per regular work week. 29 U.S.C. § 207. Methanex contends in its motion for summary judgment that Tuck's position qualified as an administrative position, as her work required the exercise of discretion and independent judgment. 29 C.F.R. §§ 541.2(e)(1), 541.2(e)(2). Under the FLSA, administrative positions are exempt from the requirement to pay overtime. 29 U.S.C. § 213(a)(1); *See Lott v. Howard Wilson Chrysler-Plymouth, Inc.*, 203 F.3d 326 (5th Cir. 2000). However, a small amount of decision making responsibility is insufficient for an FLSA exemption. 29 C.F.R. § 541.207(d)(1). Instead the exemption applies to individuals who "exercise authority within a wide range to commit their employer in substantial respects financially or otherwise." 29 C.F.R. § 541.207(d)(2).[4]

Looking at the facts in the light most favorable to the nonmovant, as this Court must do on a motion for summary judgment, Methanex fails to establish as a matter of law that Tuck exercised the requisite discretion and independent judgment to exempt her position from the FLSA. Tuck's work as a financial accountant may have merely consisted of following prescribed procedures to generate financial reports and would be outside the FLSA

---

[4]29 C.F.R. § 541 was recently revised effective August 23, 2004 removing many of these sections. The Court will apply the regulations in force at the time of the events in question.

exemption.  Similarly, viewed in the light most favorable to Tuck, the FLSA would not exempt her work as a logistic specialist trainee as she merely gathered information in this position, and did not make recommendation as she was still learning the position.  Thus, the Court denies Methanex's motion for summary judgment on the question of whether Tuck was exempted from the FLSA's overtime requirement.

Accordingly, the Court grants Methanex's motion for summary judgment on Tuck's FLSA and workers' compensation retaliation claims, but denies it with respect to Tuck's claim that she was entitled overtime compensation.

Signed January 11, 2006.

_____
David C. Godbey
United States District Judge