IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GRACE TUCK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:04-CV-1720-N |
| | § | |
| METHANEX MANAGEMENT, INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is Plaintiff Grace Tuck's ("Tuck") Application for Attorney Fees

[36], filed on April 12, 2006.   Because the Court finds that Tuck has requested an

unreasonable lodestar amount, the Court grants Tuck's application in part, and orders that

Methanex Management, Inc. ("Methanex") pay Tuck $23,957.50 in attorney's fees.

### I. FACTUAL BACKGROUND

In 2004, Tuck filed suit against Methanex, asserting three causes of action: (1)

wrongful termination in violation of section 451.001 of the Texas Labor Code; (2) illegal

retaliatory discharge in violation of the Fair Labor Standards Act ("FLSA"); and (3) failure

to pay overtime in violation of the FLSA.  The Court granted Methanex summary judgment

on Tuck's claims for wrongful termination and retaliatory discharge.  Tuck's overtime claim,

however, survived summary judgment and Tuck partially prevailed on the claim at trial.  Mr.

William Lamoreaux represented Tuck throughout this litigation.

ORDER – PAGE 1

Tuck has now moved for an award of attorney's fees pursuant to 29 U.S.C. § 216(b). Methanex does not dispute that Tuck is a prevailing party and is, therefore, entitled to an award of attorney's fees. Methanex, however, objects to the amount of attorney's fees Tuck requests, arguing that she requests an unreasonable sum in light of the limited success achieved on her claims.

## II. TUCK'S REQUEST FOR ATTORNEY'S FEES

The Fair Labor Standards Act provides that a prevailing plaintiff shall recover reasonable attorney's fees from the defendant. 29 U.S.C. § 216(b). Although the language of the statute mandates that the Court award attorney's fees, it gives the Court considerable discretion in determining what is reasonable. *Mota v. The Univ. of Tex. Houston Health Science Ctr.*, 261 F.3d 512, 527 (5th Cir. 2001). The computation of reasonable attorney's fees involves a two-step process. First, the Court must determine the "lodestar" amount by multiplying the reasonable number of hours expended by the prevailing hourly rate in the community for similar work. *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983). The reasonable number of hours expended, however, does not include hours spent on "excessive, redundant, or otherwise unnecessary work," nor does it include time spent on unsuccessful claims that are not related to successful claims. *Hensley*, 461 U.S. 434–35. Second, the Court may adjust the lodestar amount upward or downward based on the factors enumerated by the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).

### A. *Lodestar Amount*

Tuck requests a lodestar amount of $34,300.00, calculated by multiplying Mr. Lamoreaux's hourly rate of $350 by the number of hours expended, which Tuck puts at a total of 98 hours. Methanex does not object to setting Mr. Lamoreaux's hourly rate at $350, and the Court accepts this figure as a reasonable hourly rate. Methanex, however, argues that Tuck has included hours expended on unsuccessful claims in reaching a total of 98 hours, and therefore, the Court should reduce this figure. The Court agrees.

Tuck has submitted detailed time sheets revealing that Mr. Lamoreaux spent a total of 126 hours on this case prior to the grant of partial summary judgment. Necessarily, these hours include time spent on all three of Tuck's claims – the unsuccessful wrongful termination and retaliatory discharge claims and the successful failure to pay overtime claim. However, because the wrongful termination and retaliatory discharge claims are not related to Tuck's successful overtime claim, the hours expended on those two claims should be excluded from the lodestar calculation. *Hensley*, 461 U.S. 434–35. Tuck proposes reducing by half the total number of hours expended prior to the grant of partial summary judgment in order to account for time spent on her unsuccessful claims. Tuck then adds these sixty-three pre-summary judgment hours (one-half of 126) to the thirty-five hours[1] spent solely on the overtime claim after the grant of partial summary judgment to arrive at a total of 98 hours.

---

[1] This includes the 29.75 hours Mr. Lamoreaux expended after the grant of partial summary judgment, which is documented in his billing records, as well as the 5.25 hours Mr. Lamoreaux expended in preparing Tuck's application for attorney fees.

ORDER – PAGE 3

The Court finds that Tuck's proposed segregation of pre-summary judgment hours is unreasonable. First, Mr. Lamoreaux's billing records clearly identify 25.65 hours as time spent on Tuck's wrongful termination claim, and therefore, the Court will exclude these hours from the lodestar calculation.[2] Thus, Mr. Lamoreaux spent only 100.35 hours prior to the grant of partial summary judgment that cannot easily be segregated. Second, Tuck asserted three, not two, causes of action against Methanex. She succeeded on only one of these claims – the overtime claim. Thus, the more reasonable segregation of hours allocates only one-third of the pre-summary judgment hours to Tuck's successful overtime claim, which is a total of 33.45 hours. Accordingly, the Court finds that Mr. Lamoreaux reasonably expended 68.45 hours on Tuck's successful overtime claim, resulting in a lodestar amount of $23,957.50.

### B. Lodestar Adjustment

Tuck also requests that the Court adjust the lodestar amount upward according to the factors outlined by the Fifth Circuit in *Johnson*. The Court, however, does not find that the application of the *Johnson* factors warrants such an adjustment.

---

[2] The following time entries in Mr. Lamoreaux's billing records reflect time spent only on Tuck's unsuccessful wrongful termination claims:

> 6/18/05 – Legal research on FLSA retaliation claim – 2.50
> 6/29/05 – Legal research on inference of discrimination from failure to follow procedure – 1.50
> 7/15/05 – Legal research on FLSA retaliation cases on issue of timing – 4.50
> 7/29/05 – Legal research on FLSA retaliation standard cases – 4.20
> 8/01/05 – Legal research on "timing" and "performance" cases in relation to FLSA retaliation – 4.25
> 8/03/05 – Legal research on liquidated and punitive damages in FLSA retaliation cases – 4.20
> 8/06/05 – Drafting workers compensation retaliation and overtime retaliation jury charge – 4.50

Plaintiff's Application for Attorney Fees, Ex. 1.

ORDER – PAGE 4

In *Johnson*, the Fifth Circuit instructed courts to use the following factors to determine whether to adjust the lodestar amount: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill required to properly perform the legal services; (4) the preclusion of other employment by counsel due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) The amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney(s); (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  488 F.2d at 717–19.

Tuck contends that the nature of the case and the amount of time Mr. Lamoreaux expended justify an upward adjustment of the lodestar amount. The Court finds this argument unpersuasive.  Mr. Lamoreaux spent a total of 155.75 hours on this case over a twenty-two month period, which averages to about only seven hours per month.  Furthermore, this was not a complex case, it did not involve novel issues, and it should not have precluded Mr. Lamoreaux from handling other cases, especially considering Mr. Lamoreaux's considerable experience litigating employment and labor law cases.  Mr. Lamoreaux's skill and expertise are reflected in the hourly rate requested.

 Tuck also maintains that the degree of success on her overtime claim militates in favor of increasing the lodestar amount.  This argument lacks merit.  Tuck claimed that she was entitled to over $100,000 in unpaid overtime, plus an equal amount in liquidated damages. The Court, however, awarded only $14,790.51 in unpaid overtime and an equal

ORDER – PAGE 5

amount in liquidated damages.  This is not such an exceptional success that it merits adjustment of the lodestar amount.

Finally, Tuck claims that the undesirability of this case merits an increase in the lodestar amount.  The Court disagrees.  Contrary to Tuck's contention, employment law cases are not generally undesirable, and the straightforward nature of this case does not render it particularly undesirable.

### III. CONCLUSION

The Court finds that Tuck is entitled to a reasonable attorney's fee of $23,957.50, and that the *Johnson* factors do not warrant an upward adjustment of this sum.  Accordingly, the Court orders that Tuck shall recover from Methanex attorney's fees in the amount of $23,957.50.

Signed November 13, 2006.

David C. Godbey
United States District Judge

ORDER – PAGE 6